United States District Court
Southern District of Texas
**ENTERED**
June 18, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBEL VERSHON CARTER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-1998 |
| | § | |
| HARRIS COUNTY JAIL, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimbel Vershon Carter, a convicted state inmate in temporary custody at the Harris County Jail, filed this *pro se* lawsuit against the jail for alleged violations of his constitutional rights.

Having screened plaintiff's pleading pursuant to sections 1915 and 1915A, the Court **DISMISSES** this lawsuit as malicious and for failure to state a viable claim.

### I. BACKGROUND AND CLAIMS

Plaintiff is a convicted state inmate in temporary custody at the Harris County Jail pursuant to a bench warrant. Prior to execution of the bench warrant, plaintiff was in custody of the Texas Department of Criminal Justice ("TDCJ") serving sentences for aggravated robbery with a deadly weapon and aggravated assault with a deadly weapon. Plaintiff claims that the Harris County Jail violated his Eighth and Fourteenth Amendment rights by housing new inmates in his jail "pod" without first testing them for COVID-19. He does not state that he is "at risk" due to any underlying medical condition or that he is in deteriorating health.

## II.  ANALYSIS

    A.    <u>State Habeas Relief</u>

Plaintiff expressly states that his pleading is an application for writ of habeas corpus under "Article 11.08/11.09 of the Texas Code of Criminal Procedure." The Texas Code of Criminal Procedure has no application in federal district court, and the Court cannot grant the relief requested by plaintiff.

    B.    <u>Section 1983</u>

Plaintiff alleges that the Harris County Jail is violating his Eighth and Fourteenth Amendment rights by not testing new prisoners for COVID-19 before housing them in his "pod." Consequently, the Court liberally construes his pleading as a complaint under section 1983 raising claims for violations of his Eighth and Fourteenth Amendment protections.

Although plaintiff is a "three strikes" prisoner under section 1915(g),[1] the Court notes that his pleading was received by the Clerk's Office on April 27, 2020, but not docketed until June 5, 2020. Plaintiff did not acquire his third "strike" until June 2, 2020, after this lawsuit was filed. *See Carter v. Harris County Jail*, C.A. H-20-1324 (S.D. Tex. June 2, 2020). Thus, he is not barred from proceeding *in forma pauperis* in this instance. However, any subsequent federal lawsuits or appeals he may file will be subject to the section 1915(g) bar.

---

[1]*See Carter v. Petruzzi*, C.A. No. H-18-0091 (S.D. Tex. Jan. 12, 2018) (dismissed for failure to state a claim); *Carter v. Harris County Jail*, C.A. H-20-1324 (S.D. Tex. June 2, 2020) (same); *Carter v. HCSO*, C.A. No. H-17-2824 (S.D. Tex. Oct. 31, 2017) (same).

Liberally construed, plaintiff's factual allegations raise a claim for deliberate indifference to his health and safety premised on the Harris County Jail's failure to test new prisoners for COVID-19. However, he names as his sole defendant the Harris County Jail. The jail is operated by the Harris County Sheriff's Office. As a subdivision of Harris County, however, neither the Harris County Sheriff's Office nor the Harris County Jail has the capacity to be sued as required by Federal Rule of Civil Procedure 17(b). *See Potts v. Crosby Ind. Sch. Dist.*, 210 F. App'x 342, 344–45 (5th Cir. 2006) (upholding dismissal of claims against the Harris County Sheriff's Office on the grounds that, as a "*non sui juri* division of Harris County," it lacked the capacity to be sued). Therefore, plaintiff may not pursue his claims against the Harris County Jail because it lacks the requisite legal capacity, and his claims are **DISMISSED** for failure to state a viable claim for relief under section 1983.

C. Malicious Lawsuit

A review of the dockets for this Court show that plaintiff raised these same claims against the Harris County Jail in an earlier lawsuit, *Carter v. Harris County Jail*, C.A. H-20-1324 (S.D. Tex.), filed April 13, 2020. His section 1983 claims in that lawsuit were dismissed for failure to state a claim, predicated on his naming the Harris County Jail as his sole defendant. As in the instant case, the Court noted that the Harris County Jail lacked the capacity to be sued.

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is

malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A lawsuit is malicious for purposes of section 1915(e) if it reasserts adjudicated claims against a party that are the same as, or substantially similar to, claims raised against the party in an earlier lawsuit.

Plaintiff's claims against the Harris County Jail in this lawsuit are duplicative of those adjudicated in his earlier lawsuit. Thus, the instant claims are malicious and are **DISMISSED** pursuant to section 1915(e)(2)(B)(i).

### III.  CONCLUSION

Plaintiff's claims in this lawsuit are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as malicious and for failure to state a claim upon which relief can be granted. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff; to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 18th day of June, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE